IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**J.M.O.**,

          Plaintiff,

          v.

**ADAM KEESEE; CITY OF SHERWOOD;**
and **JOHN DOES 1-5,**

          Defendants.

No. 3:14-cv-00834-MO

OPINION AND ORDER

      **MOSMAN, J.**,

Plaintiff has requested production of any psychological or counseling records or evaluations of Defendant Adam Keesee for the past ten years. Plaintiff has also asked the City of Sherwood for all psychological records of Defendant Keesee since the beginning of his employment. Defendants have objected to the production of these records on various grounds.

I have conducted an in camera review of the requested records and evaluations. The records and evaluations I have reviewed contain negative opinions regarding Defendant Keesee's character and ability to effectively function in the capacity of a police officer. However, on the briefing I have before me, Plaintiff has failed to articulate any admissible purpose for this evidence. Plaintiff argues that I should order the production of these records and evaluations because it will assist the finder of fact and the Court in determining: (1) the issue of notice to the Sherwood Police Department of Officer Keesee's proclivity to unlawful behavior, and (2) the conduct alleged in the Petition for relief.

First, notice to the Sherwood Police Department of Officer Keesee's proclivity to unlawful behavior is not an issue in this case. The only claim where this might be relevant is Plaintiff's 42 U.S.C.

1 – OPINION AND ORDER

§ 1983 claim. Section 1983 claims, however, must be brought against individuals for their individual actions, not organizations or other government entities. Therefore, what the Sherwood Police Department knew or did not know regarding Defendant's proclivity to unlawful conduct is not relevant to the § 1983 claim.

Second, the only way I can envision Plaintiff using these records and evaluations to prove the conduct alleged in the petition is as inadmissible character evidence. *See* FED. R. EVID. 403, 404(a). At oral argument, Plaintiff suggested the records and evaluations would be needed to prove Defendant Keesee intended to violate Plaintiff's civil rights. As Defendants properly point out, intent is not an element of a § 1983 claim. *See* Ninth Circuit Manual of Model Jury Instructions, Comment 9.2 Section 1983 Claim Against Defendant in Individual Capacity—Elements and Burden of Proof (2007) ("This instruction does not include the phrase 'the acts or omissions of the defendant were intentional' (as in an earlier version of the instruction) because § 1983 'contains no independent state-of-mind requirement' apart from what is necessary to state a violation of the underlying constitutional right. *Daniels v. Williams.* 474 U.S. 327, 328 (1986).")

Because Plaintiff has failed to state an admissible purpose for these records and evaluations, I DENY Plaintiff's request to compel the production of Defendant Keesee's psychological records and evaluations. This ruling is subject to change at a later date if Plaintiff is able to articulate an admissible purpose for these documents.

IT IS SO ORDERED.

DATED this 9th day of February, 2015.

/s/Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge