IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**J.M.O.**,

    Plaintiff,

v.

**ADAM KEESEE; CITY OF SHERWOOD;**
and **JOHN DOES 1-5,**

    Defendants.

No. 3:14-cv-00834-MO

OPINION AND ORDER

**MOSMAN, J.**,

Defendants have separately filed Motions for Summary Judgment [26] and [40]. Defendants argue Plaintiff's claims against them are time-barred. For the following reasons, I hold that Plaintiff's claims are all time-barred. Defendants' Motions for Summary Judgement are granted.

BACKGROUND

Accepting Plaintiff's factual allegations as true, sometime during the fall of 2006 and the spring of 2007, Denise Keesee, Defendant Keesee's spouse, sexually abused Plaintiff. When Plaintiff came forward to report Mrs. Keesee's abuse, Defendant Keesee began to use his position as a City of Sherwood police officer to intimidate, threaten, ridicule, assault, batter, and falsely imprison Plaintiff in

1 – OPINION AND ORDER

incidents that spanned from September 14, 2007 until April 26, 2009. Plaintiff believes that the Sherwood Police Department's officers and hierarchy repeatedly condoned Defendant Keesee's actions.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact." *Harphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). The moving party's burden is discharged by "point[ing] to portions of the pleadings, admissions, answers to interrogatories, and depositions which, along with any affidavits, show the absence of a genuine issue of material fact." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

## DISCUSSION

### I.     Plaintiff's § 1983 Claim

#### A.     *Applicable Statute of Limitations*

The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions. *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003); *Owens v. Okure*, 488 U.S. 235, 250 (1989). Oregon has a two-year statute of limitations for general personal injury claims, including assault. *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579 (9th Cir. 2012); *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989); *Davis v. Harvey*, 789 F.2d 1332, 1333 (9th Cir. 1986). *See* ORS § 12.110(1).

If a person entitled to bring an action that is subject to ORS § 12.110(1) is younger than eighteen years of age when the cause of action accrues, any tolling provision recognized under state law applies in the Federal lawsuit. *Wilson v. Garcia*, 471 U.S. 261, 269 (1985); *Emrich v. Touche Ross & Co.*, 846

F.2d 1190, 1199 (9th Cir. 1988). In Oregon, the statute of limitations is tolled for persons younger than eighteen years of age. ORS § 12.160(1). However, the time for "commencing an action may not be extended . . . for more than five years, or for more than one year after the person attains 18 years of age, whichever occurs first." ORS § 12.160(2) (emphasis added); *Bonneau*, 666 F.3d at 580.

    **B.**    *Accrual Date of Plaintiff's Claims*

While State law determines the applicable statute of limitations, Federal law determines when plaintiff's § 1983 cause of action accrues. *Knox v. Davis*, 260 F.3d 1009, 1012–13 (9th Cir. 2001) (for § 1983 claims, federal courts apply the forum state's personal injury statute of limitations and federal law for determining accrual); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (en banc); *Cline v. Brusette*, 661 F.2d 108, 110 (9th Cir. 1981). A cause of action accrues when the plaintiff knows or should know of the injury which is the basis of his action. *Bonneau*, 666 F.3d at 581; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Fink*, 192 F.3d at 914; *Cline*, 661 F.2d at 110. The Ninth Circuit has interpreted the "question . . . [of] what . . . [is] mean[t] by injury" with some flexibility, and held that a "claim accrues" not just when the plaintiff experiences the injury, but "when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury." *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048–1050 (9th Cir. 2008).

With regard to each alleged act of misconduct, Plaintiff knew of his injury and knew the cause of his injury at the time the misconduct occurred. Each injury was open and obvious. Plaintiff did not suffer the type of hidden injury normally seen in cases where plaintiffs argue for a delayed accrual date for their claims (e.g. asbestos or contaminated water injuries that may take years to manifest themselves). Whether it was being pulled over illegally, shouted at, or physically harmed, Plaintiff knew exactly what his injuries were the moment they occurred. In addition, Plaintiff knew the cause of his injuries; Plaintiff knew Defendant Keesee was the perpetrator of each inappropriate act. Second Decl. of

3 – OPINION AND ORDER

Stan LeGore [27], Ex. 2 p. 4–11. I therefore hold that each of Plaintiff's claims accrued at the moment the misconduct that forms the basis of each claim occurred.

Plaintiff tries to argue that his claims did not accrue until April, 2013 because he did not understand that he had cognizable legal claims against Defendant Keesee until speaking to a detective from the Tigard Police Department on that date. Plaintiff's argument is unavailing. The test for accrual is not when the plaintiff knew or should have known that he had a legally cognizable injury and its cause, but rather when the plaintiff knew or should have known about the injury and its cause. Here Plaintiff clearly knew about his injuries and he knew the cause of those injuries the moment they occurred.

### C. *Plaintiff's Claims are Time-barred*

Having found that Plaintiff's claims accrued on the date the misconduct occurred, the latest Plaintiff could have commenced any action was April 26, 2011. Plaintiff, however, failed to file his complaint until April 25, 2014. Plaintiff's § 1983 claim based on Defendant Keesee's actions from September 27, 2007 until April 26, 2009 is therefore time-barred.

## II. Plaintiff's State Law Tort Claims

### A. *Tort Claim Notice Requirement*

Although the parties disagree on what the applicable statute of limitations is for Plaintiff's state law tort claims, they do agree that the tort claim notice provision of ORS 30.275 applies to these claims. ORS 30.275 provides in relevant part:

> (1) No action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of claim is given as required by this section.
>
> (2) Notice of claim shall be given within the following applicable period of time, not including the period, not exceeding 90 days, during which the person injured is unable to give the notice because of the

injury or because of minority, incompetency or other incapacity:

>   (a) For wrongful death, within one year after the alleged loss or injury.
>
>   (b) For all other claims, within 180 days after the alleged loss or injury.

According to this notice requirement, Plaintiff had 270 days to provide notice of his claims that occurred while he was a minor and 180 days to provide notice of his claims that occurred after his eighteenth birthday.

### B.  *Accrual Date of Plaintiff's Claims*

The Oregon Supreme Court has consistently held that the notice period of ORS 30.275 "does not commence to run until plaintiff has a reasonable opportunity to discovery his injury and the identity of the party responsible for that injury." *Adams v. Oregon State Police*, 289 Or. 233, 239 (1980). The Oregon Supreme Court has further said that an injury is discovered when a plaintiff knows or should have known of the existence of three elements: (1) harm; (2) causation; and (3) tortious conduct. *Doe 1 v. Lake Oswego School Dist.*, 353 Or. 321, 328 (2013).

For the reasons stated above, it is clear that Plaintiff knew of his harm and its cause at the moment the inappropriate behavior occurred. The only remaining issue under Oregon law for determining when the notice period began to run is to identify when Plaintiff knew or should have known that Defendant Keesee's conduct was tortious.

Plaintiff argues that he did not know that Defendant Keesee's conduct was tortious until he spoke with a detective from the Tigard police Department sometime in April 2013. Plaintiff relies on a portion of his deposition where he states, "Now that I'm older, I do believe that [Defendant Keesee's conduct was unlawful]." Plaintiff argues that at the time of his injury he thought "[Defendant Keesee is] a cop . . . . So who was I to go to?" Plaintiff tries to use these excerpts to argue that at the time

Defendant Keesee's conduct occurred Plaintiff did not know his conduct was tortious and Plaintiff did not know where he could go for help. However, when Plaintiff's entire deposition is examined, these isolated statements are not sufficiently persuasive to support Plaintiff's position that he did not know Defendant Keesee's conduct was tortious until April 2013. In response to Plaintiff's answer that now that he is older he believes Defendant Keesee's conduct was illegal, Defense counsel asked, "Well, you believed it at the time, didn't you?" Second Decl. of Stan LeGore [27], Ex. 2 p. 9. Plaintiff responded, "Um-hum. At the time I just knew what was happening to me wasn't right." *Id.* at Ex. 2 p. 10. At other points in his deposition, Plaintiff made numerous unqualified statements that at the time of the alleged misconduct he believed Defendant Keesee's conduct was retaliatory, inappropriate, illegal, and infringed on his rights. *Id.* at Ex. 2 p. 4–11. In other words, Plaintiff admitted in his deposition that at the time Defendant Keesee's conduct occurred, Plaintiff knew the conduct was tortious.

For the reasons discussed above, on the date that the conduct occurred, Plaintiff was aware of his harm; he knew the cause of the harm; and he knew the conduct was tortious. Therefore, the notice period prescribed by ORS 30.275 for Plaintiff's state law tort claims began running on the date that the conduct that forms the basis of his claims occurred.

    **C.**    *Plaintiff's Claims are Time-barred*

Plaintiff's last alleged occurrence of misconduct occurred on April 26, 2009. Therefore, Plaintiff had until October 23, 2009 to give his tort claim notice to the City of Sherwood. Plaintiff failed to provide the required tort claim notice until July 24, 2013. Plaintiff's state law tort claims are therefore time-barred due to failure to provide a timely tort claim notice.

## CONCLUSION

For the foregoing reasons, Defendants Motions for Summary Judgment [26] and [40] are GRANTED. Plaintiff's claims are time-barred and therefore are dismissed with prejudice.

IT IS SO ORDERED.

DATED this   19th   day of May, 2015.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge